IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DIRECTV, Inc.,  }
        Plaintiff,  }
         }
vs.  }    CIVIL ACTION NO. H-03-4865
         }
NONG CHENG, ERICKA ALEXANDER,  }
AVERY R. BYERS, PETER HENG, PETER  }
KAR LEUNG, and DAVID PALMER  }
         }
        Defendants.  }

**ENTRY OF DEFAULT JUDGMENT**

      After the final Defendant remaining in the instant action, Avery R. Byers ("Byers"), had failed to make an appearance at the court set show cause hearing on April 19, 2005, the court entered Default against Byers on April 21, 2005. (Doc. 36.) Subsequently, Byers filed a Response to the Entry of Default on May 2, 2005, stating in a single paragraph that he did have cause why his pleading should not be stricken and default entered against him, namely that he was a "paying customer" of Defendant, Directv, Inc. ("Directv"), since June 27, 1997. (Doc. 37, p. 1.) Byers attached 39 pages of billing histories for his alleged account (No. 001669762); more than this Byers did not state, nor did he describe with any detail or point to these histories and explain how they impacted the court's determination of default and/or default judgment. Thereafter, on May 19, 2005, Directv filed its Request for Default Judgment (Doc. 40) and a set of sealed exhibits in support of its motion. (Doc. 41.) Based upon its review of Directv's request and the affidavits filed, the court has determined that a hearing on this matter is unnecessary.

      In Directv's Original Complaint, Directv had alleged on information and belief that Byers purchased one or more Pirate Access Devices including an "Atomic PUT" and an "emulator", from one or more pirate device dealers, placing each order by using interstate wire facilities. (Doc. 1, ¶ 20(a) & (b).) As a result, Directv alleged that Byers, among other defendants, effected unauthorized interception and receipt of satellite programming through use of illegal

satellite decoding devices, or by manipulation of the satellite system, and illegally and without authorization, intercepted, received, and exhibited, or otherwise assisted in the unauthorized interception, reception, and exhibition of satellite programming transmitted by Directv, invoking a violation of the Cable Communications Policy Act, 47 U.S.C. § 605(e)(3)(A). (*Id*. at ¶¶'s 29-33.) In addition, Directv sought damages under 47 U.S.C. §605(e)(4) for willful assembly or modification of devices or equipment, due to defendants' knowing manufacture, assembly, or modification of electronic, mechanical or other devices - in particular, the alleged programming or reprogramming of Directv access cards or by insertion of pirate access devices in Directv receivers to obtain Directv satellite programming - with knowledge or reason to know that such devices were used primarily to facilitate unauthorized decryption of satellite programming.[1] (*Id*. at ¶ 44.)

Directv also alleged that Byers, and other defendants, intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from Directv; disclosed or endeavored to disclose to others the contents of electronic communications knowing, or having reason to know, that the information was obtained through the interception of electronic communications; and, that Byers intentionally used or endeavored to use the contents of electronic communications in violation of 18 U.S.C. § 2511. Directv also asserted a violation of § 2512, but Directv has apparently abandoned this cause (*See* Doc. 40, p. 4.) in light of the court's prior rulings that 18 U.S.C. § 2520 does not create a civil cause of action for violations of 18 U.S.C. § 2512.

Finally, Directv alleged a violation of Tex. Civ. Prac. & Rem. Code § 123.001, *et seq*., sought recovery for civil conversion, and sought declaratory and injunctive relief pursuant to 47 U.S.C. § 605 and 18 U.S.C. § 2520(b)(1) to direct defendants to cease the use of and relinquish all pirate access devices. (Doc. 1, ¶¶ 47-50, 51-52, 54-58.)

---

[1] Furthermore, *actual interception* is not required to sustain a §605(e)(4) claim. *DirecTV, Inc. v. Minor*, No. 04-50793, 2005 WL 1870779, at *4 (5th Cir. Aug. 9, 2005)

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Directv seeks default judgment in this action in light of Byers' failure to litigate this action, his failure to appear at his show cause hearing, and the court's subsequent entry of default.[2] "Attempts by a defendant to escape the effects of his default should be strictly circumscribed; he should not be given the opportunity to litigate what has already been considered admitted in law." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Id.* (*citing cases*).

> A corollary of this rule is that "a defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment to be entered....The defendant is not held to admit facts that are not well-pleaded or admit conclusions of law." *Id.* (citations omitted).

A district court's refusal to set aside an entry of default is reviewed for abuse of discretion. *Effjohn Intern. Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 559 (5th Cir. 2003) (*citing CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 63 (5th Cir. 1992)). The Court of Appeals "has left open the question whether the standard for relief from entries of default (Rule 55(a)) is more lenient than that for a default judgment (Rule 55(b))"; however, the court generally examines the same factors under a "good cause" standard. *Id.* at 563 (*citing CJC Holdings,* 979 F.2d at 63 n.1, 64.) The requirement of "good cause" has generally been interpreted liberally. *Id.* (*citing Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991). Three factors are examined for determining "good cause": (1) whether the failure to act was

---

[2]Fed. R. Civ. P. 16(f) **Sanctions.** If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

willful; (2) whether setting the default aside would prejudice the adversary; and, (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors are not 'talismanic,' and other factors may also be considered, including whether the defendant acted expeditiously to correct the default." *Id.* (*citing Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 184 (5th Cir. 1992). Furthermore, the district court need not consider all the factors. *CJC Holdings*, *Inc.*, 979 F.2d at 64.

The "willfulness" inquiry involves asking whether the party's neglect was excusable. *CJC Holdings*, *Inc.*, 979 F.2d at 64. If the court terms Byers' self-styled motion filed on May 2, 2005, as a motion to set aside the default, it is first evident that Byers provides no explanation for his failure to engage in this action, apart from filing an answer, and to cooperate with discovery (*See* Doc. 32, ¶¶'s 2-5), nor any explanation for why he failed to appear at the show cause hearing. (*See* Doc. 37, p. 1.)

With respect to prejudice, there is no prejudice to the plaintiff where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case"; rather, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293 (*citing Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Though Directv does not argue in its Request for Entry of Default Judgment that it would be prejudiced if it was now ordered to re-engage in discovery, it in fact supplies an overabundance of exhibits and evidence, as described below, to support its Request for Default Judgment - whereas Byers provides no explanation as to how he could support his case on the merits if default were set aside.

Under the third factor, even in the absence of willful neglect or unfair prejudice, a district court may have the discretion *not* to upset a default judgment if the defaulting party fails to present a meritorious case sufficient to support a finding on the merits for the defaulting party. *See Id.* (*emphasis added*) In the instant action, Byers provides one argument in his 'one-paragraph'

response to the entry of default (styled an "Order"): that his "cause" - presumably the "cause" he would have shown had he appeared at the hearing as requested, is that he is a paying customer of Directv, and has been a paying customer since June 27, 1997. (Doc. 37, p. 1.) Byers attaches a copy of his billing histories from Directv to support his claim. On the face of things, this is a serious allegation, for if Byers is a paying customer, he might be free and clear of Directv's charges. Byers does not, however, explain to the court what these records establish, whereas Directv *does* explain the relevance of the records Byers has provided under the applicable law.

Through the fact of Byers' default alone, *Directv* could show Byers admission of Directv's well-pled allegation of a Section 605(a) violation, as Directv's allegations discuss Byers' illegal *interception* of Directv's signal. (*Id*. at ¶¶'s 29-33.) Alternatively, analysis of the evidence supplied by Directv in support of its Request for Default Judgment shows that Byers has not satisfied his burden of presenting a meritorious case sufficient to support a finding on the merits for the defaulting party. Rather, Directv has presented a meritorious case and supplied evidence which would be sufficient to support a finding on its behalf.

To prevail on a claim under Section 605(a)[3], Directv must demonstrate that Byers intercepted or otherwise unlawfully appropriated Directv's transmissions. *See DirecTV, Inc. v. Robson*, No. 04-30861, 2005 WL 1870775, at *3 (5th Cir. Aug. 9, 2005). "Circumstantial

---

[3]Section 605(a) states in relevant part:
no person receiving [or] assisting in receiving... any interstate or foreign communication by wire or radio shall divulge or publish the ... contents..., except [in authorized circumstances.] No person not being authorized by the sender shall *intercept* any radio communication and divulge or publish ... contents... of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents...of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the ... contents... of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

In addition, Section 605(e)(3)(A) provides the civil remedy for those aggrieved by Section 605(a).

evidence can support a finding that a communication was intercepted, even absent direct evidence." *Id*. Unlike *Robson*, however, where the Court of Appeals did not find enough circumstantial evidence of interception merely from the defendant's purchase and possession of pirate access devices, the fact pattern of the instant action matches the scenario about which the Court did not express its opinion in *Robson*. Byers was a Directv subscriber (Doc. 37, attached exhibit); Byers had privately purchased access devices such as the Atomic PUT/unlooper and an emulator, devices primarily used for the circumvention of Directv's access controls (Doc. 40, p. 4; citing Doc. 41, Sichler Aff., Exh. A, p. 10; Houck Aff., Exh. A-1; Gatliff Aff., Exh. B, ¶¶ 12-21,33, "Expert Report: Atomic PUT", Exh. B-1, p. 1); Byers possessed the relevant Directv equipment into which he could putatively "hack" to obtain a Directv transmission signal (Doc. 41, Sichler Aff., Exh. A, p. 12-14); and, Byers had a suspicious subscriber history consistent with unauthorized interception of satellite signals (Doc. 41, Sichler Aff., Exh. A, p. 12-14, 14-16; Walker Aff., Exh. D). Furthermore, as the Fifth Circuit found in *Minor*, 2005 WL 1870779, at *3, from possession of a Directv satellite "dish" on the roof of the defendant "comes the possibility of surreptitious interception." It is evident that as a subscriber, Byers was in possession of the necessary Directv equipment. Similarly, Byers can be found liable under 18 U.S.C. § 2511 as Directv's amended complaint properly alleged that Byers intercepted its communications, and by his default, Byers admitted these allegations. Finally, Directv has alleged Byers' violation of Tex. Civ. Prac. & Rem. Code § 123.001, *et seq*, and by his default, Byers admits these allegations as well. Therefore, it seems appropriate that default judgment be entered against Byers, especially in light of his failure adequately to file any appropriate motion or explanation for his failure to take part in the defense of this case or his other activities.

With respect to damages, Directv supplies testimony from Jaime Sichler, wherein he describes the several types of financial loss Directv incurs as a result of its signal's piracy.

(Doc. 41, Sichler Aff., Exh. A, pp. 1-10.) As a result of Directv's having adduced sufficient evidence that Byers committed *at least* one statutory violation under Section 605(a), because Directv seeks only a statutory award of damages in the amount of $10,000 and states its request for damages in the disjunctive, seeking damages under 47 U.S.C. § 605(e)(4) *or* 18 U.S.C. § 2511 *or* Tex. Civ. Prac. & Rem. Code § 123.002(a)(1), (Doc. 40, pp. 12), and because the court is already awarding damages for the same underlying conduct under section § 605, *See DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1132 (M.D. Ala. 2004) (*citing DirecTV, Inc. v. Perrier*, No. 03-CV-400S, 2004 WL 941641, *4 (W.D.N.Y. March 15, 2004)) the court does not award damages under 18 U.S.C. § 2511 or Tex. Civ. Prac. & Rem. Code § 123.002(a)(1), but will award one statutory amount of $10,000, as sought by Directv. Further, Directv seeks injunctive relief under 47 U.S.C. § 605(e)(3)(B)(i), 18 U.S.C. § 2520(b)(1), *or* Tex. Civ. Prac. & Rem. Code § 123.004(1) and the court will also enjoin Byers from unlawful conduct.

Finally, Directv seeks attorneys fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), which directs "the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Directv attaches the Affidavit of Roni Sunderman Mihaly who attests that the incurred attorneys' fees of $5556.00 were reasonable and necessary for the prosecution of this action. (Doc. 41, Exh. E, pp. 1-2.) In determining attorneys' fees, the court applies the twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). However, the court notes that Directv's counsel has neglected to submit time sheets or billing summaries to aid the court in determining the reasonableness of the fee award. A district court may reduce an award when documentation of hours is inadequate for the court to identify the hours spent on the prevailing claims in the action. *See Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990). Furthermore, under the *Johnson* factors, the court finds that this case did not present particularly complicated legal issues; this case is identical to several brought around

the country and even in this district by Directv, giving Directv and its counsel both experience and a certain efficiency in prosecuting these actions. Nevertheless, the court is conscious of the fact that attorneys for Directv were, by necessity, required to prepare for and appear at show cause hearings and follow up on Byers' case as a result of his failure to defend his case. Therefore, the court finds that an amount equal to $5556.00, or the requested attorneys' fees, is a reasonable amount for attorneys' fees.

Accordingly, it is hereby

ORDERED that Plaintiff, Directv, Inc.'s Request for Default Judgment filed May 19, 2005, (Doc. 40) is GRANTED and DEFAULT JUDGMENT is ENTERED against Defendant Avery R. Byers; it is further

ORDERED that Directv, Inc. may recover the statutory damages it seeks pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendant Avery Byers in the amount of $10,000.00; it is further

ORDERED that Defendant Avery R. Byers is permanently enjoined from ever committing or assisting in the commission of any violation of 47 U.S.C. § 605 pursuant to 47 U.S.C. § 605(e)(3)(B)(i), 18 U.S.C. § 2511 pursuant to 18 U.S.C. 2520(b)(1), or Tex. Civ. Prac. & Rem. Code § 123.001 *et seq.*, pursuant to Tex. Civ. Prac. & Rem. Code § 123.004(1); it is further

ORDERED that Directv, Inc., may recover attorney fees for prosecution of this case through this judgment, in the amount of $5556.00; it is further

ORDERED that Directv, Inc., is awarded its costs and post-judgment interest on the amounts awarded herein at an annual rate of 3.77% from the date of this Judgment until paid; it is further

ORDERED that all writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any writ of execution in this case, the court directs the United States Marshall Service to use any means or force reasonably necessary to satisfy this Judgment; It is further

ORDERED that Docket Call set in the instant action for Friday, September 9, 2005 is hereby VACATED; and, it is further

ORDERED that the court DENIES all other relief not granted herein; this is a FINAL JUDGMENT.

SIGNED at Houston, Texas, this 8th day of September, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE